UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HUI WENG, a/k/a Peter, ▮<br><br>MIN LIN, a/k/a Mariguano, and JIN JU PAN, a/k/a Yo-Yo,<br><br>Defendants. | CR 4:25-cr-40053<br><br>REDACTED INDICTMENT<br><br>Conspiracy to Harbor Aliens (18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(1)(A)(iii))<br><br>Harboring Aliens and Aiding and Abetting (8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(A)(iv) and 18 U.S.C. § 2)<br><br>Forfeiture (18 U.S.C. § 982(a)(6)(A), 8 U.S.C. § 1324(b)(1), 18 U.S.C. § 981(a)(1), and 28 U.S.C. § 2461) |

The Grand Jury charges:

COUNT 1

A.   INTRODUCTION

At all times material to this Indictment:

The Defendants

1.   HUI WENG, a/k/a Peter, was an owner of Hibachi Grill restaurant, leased and purchased property where workers resided, and hired employees.

3.    MIN LIN, a/k/a Mariguano, was a manager of certain employees and transported alien employees to and from work.

4.    JIN JU PAN, a/k/a Yo-Yo, provided pay to employees and leased property where workers resided.

B.    THE CONSPIRACY

Beginning in approximately 2014 and continuing through approximately August 2023, in the District of South Dakota and elsewhere, the defendants, HUI WENG, a/k/a Peter; ███████████ MIN LIN, a/k/a Mariguano; and JIN JU PAN, a/k/a Yo-Yo, knowingly combined, conspired, confederated and agreed with each other and other persons known and unknown to the grand jury to commit and to aid and abet the commission of certain offenses against the United States, that is: to encourage and induce aliens, for the purpose of commercial advantage and private financial gain, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that the coming to, entry and residence in the United States by the said aliens was in violation of law; that is to employ aliens without authorization to work in the United States, providing employment for payment in cash, housing, and transportation to and from the business, in violation of 18 U.S.C. § 1324(a)(1)(A)(iii).

C.    THE MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

1.    One or more conspirators would and did allow the aliens to work in the restaurant without requiring the aliens to provide evidence of their authorization to work in the United States.

[2]

2. One or more of the conspirators would and did purchase residences at which the alien employees were allowed to live in exchange for payment of rent.

3. One or more of the conspirators would and did provide transportation to and from the restaurant to the residences where the alien employees were allowed to live.

4. One or more of the conspirators would and did arrange to pay employees, subtracting amounts for rent, transportation and food, and to pay the employees in cash.

5. The conspirators would and did share in the proceeds of the fraudulently obtained funds.

D. OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the District of South Dakota and elsewhere.

1. Between approximately 2014 and August 2023, the conspirators hired alien employees and did not require them to provide proof of authorization to work in the United States.

2. Between approximately 2014 and August 2023, and on dates prior thereto, the conspirators purchased and leased residences located in Sioux Falls, South Dakota, where alien employees were allowed to reside in exchange for rent payment to the business. Rent payments for the residences are made from a bank account linked to the restaurant. Utilities were paid by the restaurant. The

conspirators told alien employees if they wished to terminate their employment at the restaurant, they had to leave these residences.

3. Between approximately 2014 and August 2023, the conspirators provided transportation to and from work for alien employees residing at the residences provided by the conspirators, who took monthly deduction from the employees' pay for the transportation.

4. Between approximately 2014 and August 2023, the conspirators provided meals for alien employees at the restaurant, taking monthly deductions from the employees' pay, regardless of whether the employees ate at the restaurant.

5. Between approximately 2014 and August 2023, the conspirators paid alien employees monthly in cash, deducting rent, meals and transportation.

6. Between approximately 2014 and August 2023, some of the conspirators advised employes that immigration authorities would be called if the employees did not work hard or do what they were told.

All in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(1)(A)(iii).

## COUNT 2

Beginning in approximately November 2021 and continuing through approximately August 2023, in the District of South Dakota, the defendants, Hui Weng, a/k/a Peter; ███████████ Min Lin, a/k/a Mariguano; and Jin Ju Pan, a/k/a Yo-Yo, knowing and in reckless disregard of the fact that an alien, namely, Rafael Pop Tzoc, had come to, entered and remained in the United States in violation of law, concealed, harbored, and shielded from detection such

alien in buildings and other places for the purpose of private financial gain, and did aid and abet the same, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and 18 U.S.C. § 2.

COUNT 3

Beginning in approximately November 2021 and continuing through approximately August 2023, in the District of South Dakota, the defendants, Hui Weng, a/k/a Peter; ▮▮▮▮▮▮▮▮ Min Lin, a/k/a Mariguano; and Jin Ju Pan, a/k/a Yo-Yo, encouraged and induced an alien, namely, Rafael Pop Tzoc, to reside in the United States, knowing and in reckless disregard of the fact that such residence in the United States was in violation of law, for the purpose of private financial gain, and did aid and abet the same, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and 18 U.S.C. § 2.

COUNT 4

Beginning in approximately 2015 and continuing through approximately August 2023, in the District of South Dakota, the defendants, Hui Weng, a/k/a Peter; ▮▮▮▮▮▮▮▮ Min Lin, a/k/a Mariguano; and Jin Ju Pan, a/k/a Yo-Yo, knowing and in reckless disregard of the fact that an alien, namely, Elder Cuin-Nimaja, had come to, entered and remained in the United States in violation of law, concealed, harbored, and shielded from detection such alien in buildings and other places for the purpose of private financial gain, and did aid and abet the same, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and 18 U.S.C. § 2.

COUNT 5

Beginning in approximately 2015 and continuing through approximately August 2023, in the District of South Dakota, the defendants, Hui Weng, a/k/a Peter; ███████████ Min Lin, a/k/a Mariguano; and Jin Ju Pan, a/k/a Yo-Yo, encouraged and induced an alien, namely, Elder Cuin-Nimaja, to reside in the United States, knowing and in reckless disregard of the fact that such residence in the United States was in violation of law, for the purpose of private financial gain, and did aid and abet the same, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and 18 U.S.C. § 2.

COUNT 6

Beginning in approximately March 2021 and continuing through approximately March 2022, in the District of South Dakota, the defendants, Hui Weng, a/k/a Peter; ███████████ Min Lin, a/k/a Mariguano; and Jin Ju Pan, a/k/a Yo-Yo, knowing and in reckless disregard of the fact that an alien, namely, Christian Henriquez, had come to, entered and remained in the United States in violation of law, concealed, harbored, and shielded from detection such alien in buildings and other places for the purpose of private financial gain, and did aid and abet the same, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and 18 U.S.C. § 2.

COUNT 7

Beginning in approximately March 2021 and continuing through approximately March 2022, in the District of South Dakota, the defendants, Hui Weng, a/k/a Peter; ███████████ Min Lin, a/k/a Mariguano; and

Jin Ju Pan, a/k/a Yo-Yo, encouraged and induced an alien, namely, Christian Henriquez, to reside in the United States, knowing and in reckless disregard of the fact that such residence in the United States was in violation of law, for the purpose of private financial gain, and did aid and abet the same, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and 18 U.S.C. § 2.

COUNT 8

Beginning in approximately 2014 and continuing through approximately August 2023, in the District of South Dakota, the defendants, Hui Weng, a/k/a Peter; ▓▓▓▓▓▓▓▓▓▓▓▓ Min Lin, a/k/a Mariguano; and Jin Ju Pan, a/k/a Yo-Yo, knowing and in reckless disregard of the fact that an alien, namely, Jose Zavala-Moreno, had come to, entered and remained in the United States in violation of law, concealed, harbored, and shielded from detection such alien in buildings and other places for the purpose of private financial gain, and did aid and abet the same, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and 18 U.S.C. § 2.

COUNT 9

Beginning in approximately 2014 and continuing through approximately August 2023, in the District of South Dakota, the defendants, Hui Weng, a/k/a Peter; ▓▓▓▓▓▓▓▓▓▓▓▓ Min Lin, a/k/a Mariguano; and Jin Ju Pan, a/k/a Yo-Yo, encouraged and induced an alien, namely, Jose Zavala-Moreno, to reside in the United States, knowing and in reckless disregard of the fact that such residence in the United States was in violation of law, for the purpose of private financial gain, and did aid and abet the same, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and 18 U.S.C. § 2.

A TRUE BILL:

**Name Redacted**
_____
Foreperson

ALISON J. RAMSDELL
United States Attorney

By: _Connie Larson_____

## FORFEITURE NOTICE

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(6)(A), 8 U.S.C. § 1324(b)(1), and 28 U.S.C. § 2461(c) if the defendants are convicted of any of Counts 1-9.

Upon conviction of the offenses alleged in this Indictment, the defendants shall forfeit to the United States any property constituting, or derived from, or traceable to, the proceeds obtained, directly or indirectly, as a result of such violations, and additionally any property, real or personal, that was used or intended to be used to commit or to facilitate the violation of federal law. The property to be forfeited includes, but is not limited to:

1. $109,075.00 in U.S. currency plus interest;
2. $33,806.00 in U.S. currency plus interest;
3. $12,530.00 in U.S. currency plus interest;
4. $30,100.00 in U.S. currency plus interest;
5. $100,000.00 in U.S. currency plus interest;
6. Silver diamond ring (in box);

7. Pearl ring;

8. Gold ring with red (ruby) gemstone;

9. Silver pearl necklace with earrings;

10. Gold necklace (flowered box);

11. Diamond earrings (red Macy's box);

12. Gold necklace with black pearl and diamond pendant (white Pandora box);

13. Gold necklace with pearl pendant (red box);

14. White gold necklace with black pearl pendant (maroon box);

15. Pink and green tourmaline and diamond pendant necklace (clear pouch); and

16. Black pearl earrings (white Pandora box).

17. MONEY JUDGMENT

A money judgment representing proceeds obtained by the Defendants as a result of the offenses;

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the defendants shall forfeit substitute property, up to the value of the property described above if, by any act or omission of the defendants, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All pursuant to 8 U.S.C. § 1324(b)(1), 18 U.S.C. §§ 981(a)(1) and 982(a)(6)(A), and 28 U.S.C. § 2461.